UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

STEFANO DE MICHELI,

Defendant.

13 Cr. 199 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is Mr. De Micheli's request for early termination of supervised release, (dkt. no. 199), and the Government's opposition, (dkt. no. 252.)

Mr. De Micheli has served approximately two years of his sixty-month term of supervised release. He notes in his request his compliance with the terms and conditions of supervised release, his employment, and his earning his associate degree from Bard College and various other certificates.

The Government opposes early release noting that "by the age of twenty-six, the Defendant has accumulated six felony drug convictions." (Dkt. no. 252 at 3.) At the time of his arrest in this action, law enforcement officers recovered a loaded handgun from under Mr. Di Micheli's bed and a quantity of heroin from his closet. (Id. at 1.) Mr. Di Micheli has also engaged in other activity, in addition to his drug sales, that is dangerous to the public. For instance, in or about 2010, the Defendant and

1

his coconspirator, Lorenzo Wagner, Jr., led police officers on a high speed chase through the Bronx, during which the Defendant and Wagner "failed to stop as posted signs, including . . . red lights, and crossed double-solid yellow lines separating traffic in the road at high rates of speed, causing numerous vehicles to pull over, stop, and swerve to avoid collision and serious injury, before ultimately "attempt[ing] to run their car into [a] police vehicle, in order to avoid arrest" and instead "crash[ing] into other civilian vehicles on the scene." (PSR ¶ 42.) Thereafter, the Defendant chose to arm himself with the loaded .45 caliber handgun, which was recovered by the FBI during his March 2013 arrest. (Id. ¶ 21.) In addition, Mr. Di Micheli was arrested again in January of 2014 for assaulting another inmate at the Westchester County Jail. (Id.)

"Early termination of probation is not warranted as a matter of course." United States v. Rusin, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) (stating that "full compliance with the terms of supervised release is what is expected of [the defendant]" and termination is not necessarily justified "where a defendant did nothing more than that which he was required to do by law"); United States v. Lussier, 104 F .3d 32, 36 (2d Cir. 1997) (explaining that modification or termination of supervised release may be appropriate "[o]ccasionally" where "changed

circumstances . . . will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)"). Accordingly, courts in this District have routinely declined to terminate supervised release based solely on compliance with the terms of supervision. See, e.g., United States v. Weiss, No. 21-CR-00457 (PMH), 2022 WL 3214914, at *3 (S.D.N.Y. Aug. 9, 2022); United States v. Gonzales, No. 94-CR-0134 (JSR), 2015 WL 4940607, at *1 (S.D.N.Y. Aug. 3, 2015); United States v. Rasco, No. 88-CR-817 (CSH), 2000 WL 45438, at *2 (S.D.N.Y. Jan. 19, 2000); United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998). In any event, given the serious nature of the crimes of conviction and the danger the Defendant poses to the community, Mr. Di Micheli's request for termination of his supervised release is denied.

The Clerk of the Court shall mail a copy of this order to Mr. Di Micheli.

SO ORDERED.

Dated:   New York, New York
         October 17, 2023

LORETTA A. PRESKA
Senior United States District Judge

3